No. 9531.

CITY OF NEW ORLEANS VS. U. KOEN & CO.

Merchants who indiscriminately transact business, both as *wholesale* and as *retail* dealers, are liable to a license in each capacity.

APPEAL from the First City Court of New Orleans. *Rozier*, J.

*Walter H. Rogers*, City Attorney, and *Branch K. Miller*, Assistant City Attorney, for Plaintiff and Appellee.

*A. J. Lewis*, for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The city sues the defendants as wholesale tobacco dealers for a license of $50 for the year 1885. The defense is that the city ordinance which levies it, is illegal as it violates Article 206 of the Constitution and Act 4 of 1882.

From an adverse judgment, defendants appeal.

The record contains the following statement of facts, viz:

"It has been proved herein that long prior to the institution of this suit, defendants procured from plaintiff their license as retail dealers in tobacco, cigars, etc.; that they have but one place of business in this city; that they sell to any customer, whomsoever, any quantity desired, whether one cigar, or one or more boxes of cigars, or a pound or bale of tobacco, or any portion thereof, and not by the original or unbroken package or barrel only; but in both modes, that is, they sell a single cigar or dozen thereof, or a box, besides selling to dealers in original and unbroken packages; that this is the manner in which their business has been conducted during the year 1885; that they have paid no license for the year 1885 to the city of New Orleans as wholesale dealers."

Under that condition of things the defendants argue that, as they have already obtained from plaintiff the requisite license for the same year, 1885, as retail merchants, they cannot legally and constitutionally be called upon to pay license as *wholesale* merchants, as the 6th section of Act No. 4, approved January 4, 1882, of the General Assembly of this State, under the 17th class, page 64, specially provides that no license as wholesale dealer can be required of one who sells by retail, that is, 'by other than by the original or unbroken package or barrel only' and who sells to others than 'dealers for resale' and that, 'if they sell in less quantities than original and unbroken packages or barrels, *they shall be considered retail dealers and pay license as such ;*' and Art. 206, Constitution of '1879, limits the city ordinance to the terms of the State law.

The section invoked reads as follows:

"Seventeenth class, when gross sales are less than one hundred and fifty thousand dollars, the license shall be fifty dollars ($50); provided, that no person or persons shall be deemed wholesale dealers, unless he or they sell by the original or unbroken package or barrel only ; and provided further, that no person or persons shall be deemed wholesale dealers unless he or they sell to dealers for resale.

" If they sell in less quantities than original and unbroken packages or barrels, they shall be considered retail dealers, and pay license as such."

The last portion of Art. 206 of the Constitution is in these words :

" No political corporation shall impose a greater license than is imposed by the General Assembly for State purposes."

It is manifest that the intention clearly expressed of the Legislature, was to require a license, as well from wholesale as from retail dealers.

The law distinctly provides that, shall be deemed wholesale dealers, those who sell *only* by the original or unbroken package and those who sell to dealers for resale, but it wisely adds *ex industria,* that if they (such dealers) sell in less quantities than original and unbroken packages or barrels they shall be considered retail dealers and pay license as such.

The argument that the word " *only* " found in the first part of the Act, must be read also in the concluding provision, as to who shall be considered retail dealers, for although it is omitted therefrom, the connecting sense requires it to be understood—far from helping, demolishes and gives away the defense completely.

Indeed, if it were true that, are to be considered as retail dealers *only* such as sell in less quantities than original and unbroken packages

or barrels, it would irresistibly follow that, as the defendants do not sell *only* in such quantities, but also otherwise—they are to be deemed *wholesale dealers* and thus are amenable and chargeable.

The city ordinance (No. 1048, C. S.) follows the State law and is not therefore illegal or unconstitutional.

Under the statement of admitted facts it is impossible to arrive at any other conclusion than that the defendants carry on the tobacco business, both as wholesale and retail dealers.

As the law reaches dealers who transact operations, either as wholesale or as retail merchants, separately, it undoubtedly affects them when they do both indiscriminately.

Judgment affirmed.